EDWARD P. GARDNER, )
)
Plaintiff, )
)
v. )     No.:    3:26-CV-130-TAV-JEM
)
SHAWN PHILLIPS, STACY OAKS, )
and )
FRANK STRADA, )
)
Defendants. )

## MEMORANDUM OPINION

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction, filed a motion seeking to proceed *in forma pauperis* in a civil rights action under 42 U.S.C. § 1983 [*See* Docs. 1, 2]. Finding that the motion was not properly supported, the Court entered an Order on April 21, 2026, providing Plaintiff 30 days within which to submit a certified copy of his inmate trust account for the previous 6-month period [Doc. 7]. The deadline has expired, and Plaintiff has not complied with the Order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district

court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))).  The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff has chosen not to comply with, or even respond to, the Court's Order despite the Court's express warning that failure to timely submit a certified copy of his inmate trust account would result in the dismissal of this action [Doc. 7, pp. 1–2].  And until Plaintiff either pays the filing fee or submits the proper documents to proceed *in forma pauperis*, this case cannot proceed.  Therefore, the relevant factors support dismissal of this action under Rule 41(b) to prevent a stagnant case from clogging the Court's docket.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

2

Accordingly, Plaintiff will be **ASSESSED**[1] the filing fee of $405.00, and this action will be **DISMISSED**. The Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and the accompanying Order to the Court's financial deputy and Plaintiff's custodian. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] "Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

3